**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**PHILLIP LEE TURNER
ADC #134943**                                                                          **PLAINTIFF**

**V.**                   **CASE NO. 4:15-CV-103 SWW/BD**

**MUNYEN, et al.**                                                  **DEFENDANTS**

**ORDER**

Phillip Lee Turner, formerly a pre-trial detainee at the Faulkner County Detention Center, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that the Defendants acted with deliberate indifference to his serious medical needs. (Docket entry #2) Mr. Turner, however, named the Defendants in their official capacities only.

All Defendants are employees of Faulkner County, Arkansas. Mr. Turner's claims against the Defendants in their official capacities are, in effect, claims against Faulkner County itself. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin*, Minn., 557 F.3d 628, 632 (8th Cir. 2009). For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010).

To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id*. at 902–903.  Here, Mr. Turner has not alleged any Faulkner County policy or custom that caused him an injury.

The Court gave Mr. Turner thirty days to amend his complaint so that he could either identify an unconstitutional County policy or custom or, in the alternative, clarify whether he intended to sue the Defendants in their individual capacities.  (#4)  The Court specifically cautioned Mr. Turner that his failure to amend his complaint could result in the dismissal of some or all of his claims.  Although Mr. Turner has written the Court a letter further explaining his need for medical care (#5), to date, he has not filed an amended complaint.  In addition, his recent mail has been returned to the Court marked as undeliverable.  (#6)

IT IS THEREFORE ORDERED that Plaintiff's claims are dismissed without prejudice.

IT IS SO ORDERED THIS 30TH  DAY OF MARCH, 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE